IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JILL ARLENE ROBERTSON,  )
        )
    Plaintiff,  )
        )
  -vs-  )  Civil Action No. 17-216
        )
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        )
    Defendant.  )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging disability since November 2, 1012. (ECF No. 9-5, p. 2). Administrative Law Judge ("ALJ"), Bonnie Hannan, held a hearing on February 8, 2016. (ECF No. 9-2, pp. 31-60). On March 24, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 16-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

B. **Step 3 - Listings**

Plaintiff argues that the ALJ erred at step 3 by failing to properly apply Listing 1.04(B), disorders of the spine, to her claim. (ECF No. 13, pp. 12-17). In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

At issue in this case is Listing 1.04(B) (disability of the spine). *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §1.04. Listing 1.04 provides, in relevant part:

> **1.04 *Disorders of the spine*** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

3

* * *

    B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours….

To be found presumptively disabled, a plaintiff must meet **all** of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). Thus, to meet Listing 1.04(B), a plaintiff must demonstrate both: 1) a disorder of the spine (spinal archnoiditis) resulting in compromise of a nerve root or the spinal cord; and 2) spinal arachnoiditis manifested by severe burning or painful dysesthesia, and resulting in the need for changes in position or posture more than once every 2 hours. 20 C.F.R. pt. 404, subpt. P, app. 1 §1.04(B). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a *per se* disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Here, the ALJ specifically considered whether Plaintiff's severe impairments meet or equal Listing 1.04(B). (ECF No. 9-3, p. 19). The ALJ found that Plaintiff's impairments do not meet Listing 1.04 because:

> [T]he record does not demonstrate compromise of a nerve root or the spinal cord with additional findings of …B. Spinal arachnoiditis[2]….As discussed below in Finding 5, the claimant has a history of significant back treatment, and ongoing regular pain management. Physical examinations during the period at issue have shown some range of motion limitations, but typically full extremity strength and a normal gait (Exhibits B6F, B9F, B11F, B12F).
>
> The claimant's conditions of…arachnoiditis…do not cause listing-level neurological deficits such as significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gate and station, for instance (Section 11.00, Exhibits B6F, B9F, B11F, B12F).

(ECF No. 9-2, p. 19)(footnote added). At no point does Plaintiff argue that the ALJ erred in finding that she did not meet the first criteria of Listing 1.04(B). *See*, ECF No. 13. Rather,

---

[2] "Spinal arachnoiditis is a condition characterized by adhesive thickening of the arachnoid which may cause intermittent ill-defined burning pain and sensory dysesthesia, and may cause neurogenic bladder or bowel incontinence when the cauda equina is involved." *See*, 20 C.F.R. pt. 404, subpt. P, app. 1 §1.00(K)(2)(a).

Plaintiff focuses on the severity of her arachnoiditis and the evidence to support the same.[3]  *Id.*

---

[3] Plaintiff spends the majority of her argument suggesting that the ALJ erred in finding that she did not meet or equal Listing 1.04 because the ALJ erred in weighing the opinion evidence. (ECF No. 13, pp. 13-17).  The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).

The opinion of a treating physician need not be viewed uncritically, however.  Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*  "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).  If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:
> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

As set forth above, an ALJ is not required to accept a doctor's opinion uncritically.  Rather, the ALJ must weigh it in relation to all of the evidence of the record.  In this case, that is exactly what the ALJ did. In so doing, the ALJ sufficiently set forth valid and acceptable reasons for weighing the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  The ALJ gave some portions of the opinion of her PCP, Dr. Masters, greater weight and some portions (those involving postural activities) less weight. (ECF No. 9-2, pp. 22-24).  The ALJ explained that she gave that portion of the opinion less weight because it was inconsistent with other medical records and Plaintiff's own testimony.  *Id.*  The ALJ also discounted the opinion of her pain specialist, Dr. Rai, for the same reasons.  *Id.* at p. 23.  The ALJ gave the opinion of the state medical consultant, Dr. Tran, some weight, but found Plaintiff more limited than that assessed by Dr. Tran.  *Id.*  Finally, the ALJ gave the opinion of the consulting examiner, Dr. Zimba, great weight as to the conclusion that Plaintiff's impairments are not at a disabling level, but gave other assessments (driving restrictions) less weight as it was contradicted by Plaintiff's own testimony.  *Id.* at p. 24.  Additionally, the ALJ gave Dr. Masters' opinion regarding Plaintiff's ability to sit, stand, and walk greater weight than that of Dr. Zimba because Dr. Maters is Plaintiff's treating source.  *Id.* at 24.  After a review of the record, I find that basis for the ALJ's opinion is sufficiently explained and supported by substantial evidence.  *Id.* at pp. 16-26.

Plaintiff seems to also argue that even if she did not meet Listing 1.04(B), the ALJ erred "in relying on sporadic and transitory activities by the Plaintiff as the basis for rejecting portions of her treating doctors'

Again, to qualify for a *per se* disability determination, Plaintiff must meet both criteria. 20 C.F.R. pt. 404, subpt. P, app. 1 §1.04(B). Since Plaintiff does not even address how the ALJ's finding as to the first criteria is incorrect, I find Plaintiff's argument fatally flawed.[4] Therefore, remand is not warranted.

An appropriate order shall follow.

---

medical opinions." (ECF No. 13, p. 14). Consistency with other evidence is a valid reason for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I note that an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. The ALJ will look at inconsistencies between the claimant's statements and the evidence presented. *Id.* After a review of the record, I find that the ALJ properly evaluated the opinion evidence in relation to all of the other evidence (including, *inter alia*, activities of daily living). Therefore, I find no error in this regard.

[4] Even if Plaintiff's argument was not fatally flawed, remand still would not be warranted given my discussion in the prior footnote.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JILL ARLENE ROBERTSON,           )
        Plaintiff,           )
    -vs-           )    Civil Action No. 17-216
NANCY A. BERRYHILL,[5]           )
COMMISSIONER OF SOCIAL SECURITY,           )
        Defendant.           )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 19th day of November, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.